## THE LAWRENCE J. TOMLINSON.

District Court, E. D. New York. November 12, 1928.

No. 11175.

Arthur Lovell, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

CAMPBELL, District Judge. This is a hearing on exceptions to the libel herein.

The libel in substance alleges that N. N. Petterson, Inc., as owner, and libelant, as charterer, entered into a charter party, dated August 15, 1928, wherein and whereby the owner agreed to let to the charterer, and the charterer agreed to hire for a time stated, at an agreed price per day, the owner to furnish a captain, the tank barge called the Lawrence J. Tomlinson, for the transportation of gasoline in bulk, or other petroleum products.

The second paragraph of said charter party is alleged in the libel as follows: "2. The Owner warrants the barge to be tight, staunch and strong at the time of delivery and agrees to maintain it in this condition throughout the period of this charter. It is understood and agreed that the barge will be redelivered in the same condition as received, less ordinary wear and tear."

And the sixth paragraph of said charter party is alleged in the libel as follows: "6. It is understood that the barge last carried molasses, and charterer agrees to clean it at his expense for the carriage of gasoline, the owner allowing three days from Thursday, August 16, 1928, 7:00 a. m., to Sunday, August 19, 1928, 7:00 a. m., free time to do the work."

There is an implied warranty of seaworthiness, and if the barge was not fit to carry the cargo mentioned in the charter party, she was unseaworthy. Church Cooperage Co. v. Pinkney (C. C. A.) 170 F. 266; The Caledonia, 157 U. S. 124, 15 S. Ct. 537, 39 L. Ed. 644; The Carib Prince, 170 U. S. 655, 18 S. Ct. 753, 42 L. Ed. 1181.

This brings us to the consideration of the sixth pargraph of the libel and its effect.

The barge in question was not a common carrier, and therefore her owner could by contract limit her liability. The G. R. Crowe (C. C. A.) 294 F. 506, certiorari denied 264 U. S. 586, 44 S. Ct. 335, 68 L. Ed. 862; The Fri (C. C. A.) 154 F. 333.

The charter party does not in terms expressly limit or release the ship from liability. It provides that the charterer agrees to clean it at his expense, for the carriage of gasoline.

If the barge could be cleaned, then the duty of cleaning her was assumed by the charterer, and it does not seem to me that he can complain that he took more time than was allowed by the charter.

The libel contains no allegation that the barge could not be cleaned so as to make her fit to carry gasoline, nor that the statement of the owner that the barge last carried molasses, which was a representation, was not true, and therefore no fault can be predicated on that statement. Neither does the libel contain any allegation that the cleaning was done in a proper and usual manner, and that the existence of creosote was not then discoverable by the usual tests.

The allegations as to the pump are insufficient.

The eleventh allegation of the libel, taken in its entirety, does not state facts sufficient to constitute a cause of action, because by the terms of the charter party itself the barge was not fit to carry the proposed cargo without cleaning.

Exceptions sustained, but with leave to libelant to serve an amended libel within 10 days after the service on its attorney of the order to be entered hereon.